**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

JOHN FRALISH, individually and on behalf of all similarly situated individuals,

*Plaintiff,*

v.

DRIVE & SHINE, INC.,

*Defendant.*

Case No.: 3:26-cv-870

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

# CLASS ACTION COMPLAINT

Plaintiff John Fralish ("Plaintiff"), on behalf of himself and all similarly situated individuals, files this Class Action Complaint against Defendant DRIVE & SHINE, Inc. ("Defendant") and alleges as follows:

## I. INTRODUCTION

1. This case concerns telephone solicitations Defendant made via text message to telephone numbers registered on the National Do-Not-Call Registry in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227(c), and its implementing regulations, including 47 C.F.R. § 64.1200(c) (hereinafter referred to as the "TCPA").

2. Defendant transmitted these text-message solicitations in order to sell car wash and related services to persons with whom Defendant had no established business relationship and from whom Defendant had not obtained prior express invitation or permission.

3. These solicitations invaded the privacy of Plaintiff and the proposed class, wasted their time, and trespassed upon their cellular telephone lines.

4. Because Defendant's telemarketing campaign appears to have been sent *en masse* to a broad consumer list, Plaintiff brings this action on behalf of a proposed class of similarly situated persons who also received two or more of Defendant's text-message solicitations despite registering their telephone numbers on the National Do-Not-Call Registry.

5. A class action is the best means of obtaining redress for Defendant's unlawful telemarketing and is consistent with both the private right of action created by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

6. Plaintiff seeks statutory damages and injunctive relief on behalf of himself and the class described below.

## II. JURISDICTION AND VENUE

7. This Court has federal-question jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

8. Venue is proper in this District under 28 U.S.C. § 1391 because Defendant is located in this District and a substantial part of the events or omissions giving rise to these claims occurred in this District and Defendant's headquarters are within this judicial district.

9. Specifically, Defendant is an Indiana company based at or near 16915 Cleveland Road, Granger, Indiana 46530, and it markets car wash and related services in the South Bend / Mishawaka area, including through the text-message campaigns at issue here.

## III. PARTIES

10. Plaintiff John Fralish is a natural person who, at all times relevant, was the subscriber to a residential cellular telephone number ending in 4587 and used that number for personal, non-commercial purposes.

11. Defendant is an Indiana entity with its principal place of business at or near 16915 Cleveland Road, Granger, Indiana 46530.

12. Defendant does business in this District and markets goods and services to consumers in this District, including through the text-message solicitations at issue here.

## IV. THE TCPA AND NATIONAL DO-NOT-CALL REGISTRY

13. Congress enacted the TCPA to protect consumer privacy by restricting certain telemarketing practices.

14. The TCPA directed the Federal Communications Commission to establish regulations protecting persons who object to receiving telephone solicitations.

15. In response, the FCC established the National Do-Not-Call Registry and adopted regulations prohibiting telephone solicitations to residential telephone subscribers who have registered their telephone numbers on the Registry. *See* 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c).

16. Under the TCPA's private right of action, any person who has received more than one telephone solicitation within a 12-month period in violation of those regulations may bring an action for statutory damages and injunctive relief. *See* 47 U.S.C. § 227(c)(5).

17. Text messages sent for the purpose of encouraging the purchase of goods or services are "telephone solicitations" within the meaning of the statute and regulation.

## V. FACTUAL ALLEGATIONS SPECIFIC TO PLAINTIFF

18. On or about May 23, 2019, Plaintiff registered his cellular telephone number ending in 4587 on the National Do-Not-Call Registry.

19. Plaintiff's 4587 number is used for residential and non-commercial purposes.

20. Plaintiff did not provide Defendant with prior express invitation or permission to send the telemarketing text messages described below.

21. Plaintiff and Defendant did not have an established business relationship at the time of the solicitations described below, or, alternatively, any such relationship did not authorize the telemarketing campaign challenged in this action.

22. On May 6, 2023, Plaintiff received a text message from Defendant on the 4587 number from long code 574-900-2956 stating, in substance: "Mother's Day is right around the corner[.] … This Mother's day, buy 4 washes and receive 2 for FREE! Don't wait – visit any Drive & Shine location[.]"

23. On May 11, 2023, Plaintiff received a text message from Defendant on the 4587 number from the same long code with a message substantially identical to the May 5, 2023 text message.

24. On June 12, 2023, Plaintiff received a text message from Defendant on the 4587 number from the same long code with a messages materially identical to the previous messages, except for Father's day. ("Father's Day is right around the corner[.]").

25. Each of these messages was sent with an additional message of a picture advertising the buy-4-get-2-free promotion.

26. Thus, on information and belief, a total of 6 messages were sent to Plaintiff from long code 574-900-2956.

27. These messages were not purely informational. They promoted Defendant's services, discounts, subscriptions, specials, and offers, and were sent for the purpose of encouraging the purchase of Defendant's goods and services.

28. Plaintiff received multiple solicitations by or on behalf of the same entity within at least one 12-month period, including May 6, 2023, May 11, 2023, and June 12, 2023.

29. Defendant's use of generic, promotional copy and links to public coupon or promotional pages indicates that the messages were part of a broader mass-text marketing campaign rather than individualized communications.

30. On information and belief, Defendant sent materially similar promotional text messages to numerous other persons whose numbers had been registered on the National Do-Not-Call Registry for more than 31 days.

31. On information and belief, Defendant failed to scrub its text-marketing lists against the National Do-Not-Call Registry before transmitting the solicitations described above.

32. On information and belief, Defendant fails to maintain adequate and necessary policies and procedures to prevent violation of the Telephone Consumer Protection Act.

## VI. CLASS ACTION ALLEGATIONS

33. Plaintiff brings this action on behalf of himself and the following proposed class:

> **National DNC Class**: All persons in the United States (a) who subscribed to a residential, non-commercial telephone number, (b) to which DRIVE & SHINE, Inc., or anyone acting on its behalf, sent two or more text messages promoting DRIVE & SHINE, Inc's goods or services within any 12-month period, (c) from four years prior to the filing of this action through the date of class certification, and (d) whose number had been registered on the National Do-Not-Call Registry for at least 31 days before the first such text message.

34. Excluded from the Class are Defendant; any entity in which Defendant has a controlling interest; Defendant's officers, directors, legal representatives, successors, and assigns; the Judge to whom this case is assigned and that Judge's immediate family; and Plaintiff's counsel and their employees.

35. Plaintiff reserves the right to amend the class definition as discovery and further investigation warrant.

36. The Class is so numerous that joinder of all members is impracticable. On information and belief, Defendant's text-marketing campaign reached many consumers.

37. There are questions of law and fact common to the Class that predominate over questions affecting only individual persons, including:

a. whether Defendant sent two or more text-message telephone solicitations within a 12-month period to residential telephone subscribers whose numbers were on the National Do-Not-Call Registry;

b. whether the text messages at issue constituted telephone solicitations;

c. whether Defendant had an established business relationship with Plaintiff and class members sufficient to excuse the solicitations;

d. whether Defendant had prior express invitation or permission to send the solicitations;

e. whether Defendant's conduct was knowing or willful;

f. whether Defendant should be enjoined from continuing the challenged conduct.

38. Plaintiff's claims are typical of the claims of the Class because they arise from the same course of conduct and are based on the same legal theories.

39. Plaintiff will fairly and adequately protect the interests of the Class. He has no interests antagonistic to those of the Class and has retained counsel experienced in TCPA and class-action litigation.

40. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because the statutory damages available to any individual class member are relatively modest compared to the expense of individual litigation.

41. Certification under Rule 23(b)(3) is appropriate because common questions predominate over individual ones.

42. Certification under Rule 23(b)(2) is also appropriate because Defendant has acted or refused to act on grounds generally applicable to the Class, making injunctive relief appropriate with respect to the Class as a whole.

## COUNT I

### Telephone Solicitations to Numbers Listed on the National Do-Not-Call Registry 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)

43. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

44. Defendant initiated, or caused to be initiated, telephone solicitations in the form of text messages to Plaintiff's residential cellular telephone number.

45. Plaintiff's number had been listed on the National Do-Not-Call Registry for more than 31 days before Defendant sent the text messages described above.

46. Defendant sent more than one telephone solicitation within a 12-month period to Plaintiff's residential cellular telephone number.

47. Defendant sent those solicitations without Plaintiff's prior express invitation or permission and without an established business relationship that would excuse compliance with the National Do-Not-Call rules.

48. By making more than one telephone solicitation within a 12-month period to a residential subscriber whose number was listed on the National Do-Not-Call Registry, Defendant violated 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)(2).

49. On information and belief, Defendant committed the same violations with respect to the members of the proposed Class.

50. Defendant's violations were negligent, and, on information and belief, knowing or willful.

51. Plaintiff and the proposed Class are entitled to an award of $500 in statutory damages for each negligent violation and up to $1,500 for each knowing or willful violation.

52. Plaintiff and the proposed Class are also entitled to injunctive relief prohibiting Defendant from engaging in further unlawful solicitations in violation of the National Do-Not-Call rules.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. certify this case as a class action under Rule 23 of the Federal Rules of Civil Procedure;

B. appoint Plaintiff as class representative and appoint his counsel as class counsel;

C. enter judgment in favor of Plaintiff and the Class and against Defendant;

D. award statutory damages of $500 for each negligent violation of the TCPA;

E. award statutory damages of up to $1,500 for each knowing or willful violation of the TCPA;

F. enter appropriate injunctive relief prohibiting Defendant from transmitting telephone solicitations in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c);

G. award costs and such other relief as the Court deems just and proper; and

H. grant any other relief the Court deems appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Alexander Darr

**Alexander Darr**
**DARR LAW LLC**
1391 W. 5th Ave., Suite 313
Columbus, Ohio 43212
614-465-3277
Alex@Darr.Law